IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GABRIEL S. CURRY,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| v. | **1:19-CV-4280-MHC-CCB** |
| **ABM INDUSTRIES,** | |
| **Defendant.** | |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court for consideration of its own order dated October 16, 2019, (Doc. 9), and its previous order directing Plaintiff's counsel, Joseph H. Turner, to contact the undersigned's chambers to provide the Court with a valid address for Plaintiff, (Doc. 8). Because Plaintiff has failed to follow any of the Court's orders in this case, the undersigned **RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE** for failure to follow a lawful order of the Court.

This case was removed from the Superior Court of Fulton County, Georgia on September 23, 2019. (Doc. 1). In his complaint, Plaintiff alleges that Defendant violated his rights under the First and Fourteenth Amendments by wrongfully terminating him. (Doc. 1-1 at ¶ 15). Defendant filed a motion for a ruling on the

status of Plaintiff's legal representation, claiming that Plaintiff's counsel has potentially engaged in the unauthorized practice of law by participating in this lawsuit with a suspended license.[1] (Doc. 3). Defendant sought a conference with the Court or a ruling that would "clarify the uncertain nature and status of Plaintiff's legal representation." (Doc. 3 at 6).

On October 2, 2019, the Court issued an order scheduling a hearing for October 10 and directing the attorneys of record for both parties, as well as the Plaintiff personally, to attend. (Doc. 4). Only Defendant's counsel appeared for the hearing—Plaintiff and his counsel were not present in court—so the hearing did not occur. (Doc. 5). Also on October 10, Defendant filed an emergency motion for an extension of time to answer the complaint pending the Court's ruling on the motion to clarify Plaintiff's legal representation. (Doc. 6). The next day, the Court ordered Plaintiff's counsel to do two things by October 15: (1) provide the Court with a valid address for Plaintiff so that the Court could order Plaintiff to appear

---

[1] The Court has previously noted Plaintiff's counsel's "apparent" Georgia bar suspension and suspension from this Court. (Doc. 9 at 2 n.1). However, the Court has also noted the difficulty of being absolutely sure that the suspended Joseph H. Turner is the same Joseph H. Turner that is the attorney of record in this case. *Id.* That is one of several reasons that the Court has tried, albeit unsuccessfully, to get Mr. Turner to appear for a hearing.

2

at a hearing regarding his legal representation without having to rely on Plaintiff's counsel to make Plaintiff aware of the hearing, and (2) respond to Defendant's emergency motion for an extension of time. (Doc. 8). Plaintiff's counsel did neither of those things, so on October 16, the Court granted the motion for extension of time as unopposed and again ordered Plaintiff to comply with the order of October 11, (Doc. 8), by contacting the undersigned's chambers with a valid address to contact Plaintiff. (Doc. 9). The order expressly warned Plaintiff that the undersigned would recommend dismissal for want of prosecution if he did not comply with the order. *Id.* at 4. The Court ordered compliance by October 30, 2019. *Id.* That date has passed, and Plaintiff has not complied with the order or otherwise responded.

The Court's Local Rules state that "[t]he Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if…[a] plaintiff…shall, after notice…fail or refuse to obey a lawful order of the Court in the case." LR 41.3(A)(2), NDGa; *see also McKelvey v. AT&T Tech., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). In addition, the Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with…a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b).

Plaintiff's counsel has failed to comply with any of the Court's orders in this case. As the Court has documented in its prior orders, Plaintiff's counsel appears to have been suspended by both the State Bar and this Court. To address this serious issue, the Court has tried setting the matter for a hearing and has twice directed Plaintiff's counsel to provide the Court with contact information for the Plaintiff so the Court could personally notify Plaintiff of the need to appear for a hearing. Plaintiff's counsel has ignored all of the Court's orders, and the Court is left with no choice but to now recommend that Plaintiff's case be dismissed. However, because the Court has had no communication with either Plaintiff or his counsel (and indeed cannot be sure that Plaintiff is even aware of the Court's orders), any dismissal should be without prejudice. Therefore, the Court **RECOMMENDS** that his case be **DISMISSED WITHOUT PREJUDICE**. The Clerks is **DIRECTED** to terminate the referral of this matter to the undersigned.

**IT IS SO RECOMMENDED,** this 4th day of November, 2019.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE